NOT FOR PUBLICATION                                                                 CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LESLEY MCCARTHY and KIM KENNEDY on behalf of themselves and all others similarly situated, | |
| | Civil Case No. 14-37 (FSH)(JBC) |
| Plaintiff(s), | |
| | **OPINION & ORDER** |
| v. | |
| | February 9, 2015 |
| EQUINOX HOLDINGS, INC., AND JOHN DOES 1-25, | |
| Defendant(s). | |

**HOCHBERG, District Judge;**

This matter comes before the Court upon Defendant Equinox Holdings Inc.'s ("Equinox") motion to dismiss (Dkt. No. 16) pursuant to Federal Rule of Civil Procedure 12(b)(6). The court has reviewed the submissions of the parties and considers the motion pursuant to Federal Rule of Civil Procedure 78.

## I.   BACKGROUND[1]

Plaintiffs Lesley McCarthy and Kim Kennedy and putative class members originally filed a Complaint against Defendant Equinox alleging only state-law causes of action, including purported violations of the Health Club Services Act, N.J.S.A. 56:8-39, *et seq.*; the Consumer Fraud Act, N.J.S.A 56:8-1, *et seq.*; the Retail Installment Sales Act, N.J.S.A 17:16C-1, *et seq.*; and the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14, *et seq.* The Court *sua sponte* issued an order to show cause why the Court should not dismiss for lack of

---

[1] These facts are taken from Plaintiffs' amended complaint (Dkt. No. 8), unless otherwise noted.

1

subject matter jurisdiction because diversity was lacking. Plaintiffs amended their complaint to contain a federal cause of action, the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA"), and asserted supplemental jurisdiction over all state law claims. Equinox moved to dismiss both the federal and state law claims of Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

On October 10, 2013 Lesley McCarthy became a member of the Equinox health club in Summit, New Jersey, by signing a membership agreement.[2] The membership agreement specifies the member's payment obligations, including: (1) the club initiation fee; (2) the pro-rated initial month fee; (3) the regular monthly membership fee; and (4) the sales tax. The agreement states that there is a minimum membership commitment of twelve months, unless the member is able to meet one of several statutory exceptions, including the member's relocation or disability. (Am. Compl. Ex. A. ¶ 2; Ex. B. ¶ 2).[3] Equinox may cancel membership at any time but must refund payment for unused services. (Am. Compl. Ex. A. ¶ 24; Ex. B. ¶ 22). The membership agreement provides that monthly dues must be paid in advance. An outstanding balance in any month precludes the member from using the club until the balance is paid in full. (Am. Compl. Ex. A ¶ 13; Ex. B ¶ 12).

The membership agreement purportedly does not compute the "total payment obligation" Plaintiffs will be assessed over the twelve-month minimum membership. It states: "[T]he monthly dues will be "$144.00, plus $10.08 (7.00) sales tax, and will be transferred on the 23rd

---

[2] Similarly, on June 10, 2013, Plaintiff Kennedy entered into a membership agreement with the same Equinox health club located in Summit, NJ. The membership agreement contains substantially the same language as the McCarthy agreement.

[3] "[D]ocument[s] integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997) (internal citations and quotation marks omitted).

day of each month beginning November 2013." (Am. Compl. ¶ 34). Plaintiffs allege this violates numerous state statutes because it purportedly requires Plaintiffs to multiply the monthly rate including sales tax by the number of months, add the initiation fee, and add a pro-rated first-month fee, rather than plainly stating the "total payment obligation."

## II.   STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions

3

devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings.  However, an exception to the general rule is that a 'document *integral to or explicitly* relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations omitted) (emphasis in original).

### III.   DISCUSSION

The Defendant moves to dismiss Plaintiffs' claims under the Truth in Lending Act, 16 U.S.C. 1601, *et seq.* ("TILA") and state law statutes.

#### a. The Federal Truth in Lending Act

The Truth in Lending Act ("TILA"), and the regulations promulgated thereunder, seek to "protect . . . consumer[s] against inaccurate and unfair credit billing and credit card practices" and promote "the informed use of credit" by "assur[ing] a meaningful disclosure" of credit terms. 15 U.S.C. § 1601(a). It requires that a creditor make certain disclosures including, but not limited to: (1) The identity of the creditor; (2) the amount financed; (3) the finance charge; (4) the total of payments; (5) the number, amount, and due dates or period of payments scheduled; and (6) the total sale price. *See* 12 C.F.R. § 226.18; *see* 15 U.S.C. § 1604.  TILA's requirements apply only to "creditors" that engage in "consumer credit transactions." *See Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 409 (3d Cir. 2000). The statute defines "creditor" as a person who: "(1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for

which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. § 1602(g). "Credit" is defined as "the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment." 15 U.S.C. § 1602(f).

Defendant contends that TILA is inapplicable to this gym service membership, arguing that the payment of monthly fees for monthly access to the facility is not a "consumer credit transaction" and does not create a "debtor" and "creditor" relationship.

"A 'consumer credit transaction' involves the offer or extension of 'credit' to a consumer," which necessarily "involves the granting of a right to defer payment of 'debts.'" *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 410 (3d Cir. 2000) (quoting 15 U.S.C. § 1602). Applying the above definition of "credit," the Third Circuit concluded that a firm which bills customers for a service, wherein the customer has no right to defer payment for such services, is not a "creditor" extending "consumer credit" within TILA or the Equal Credit Opportunity Act. *Riethman v. Berry*, 287 F.3d 274, 277 (3d Cir. 2002). There, although a law firm "provid[ed] legal services without requiring immediate payment," payment was due when services were rendered with no right to defer; if payment was not made within thirty days, interest was charged on the balance. Thus, the firm "did not grant clients the right to defer payment. It follows that the TILA is inapplicable." *Id.* at 279; *cf. Pollice*, 225 F.3d at 409 (finding that establishing a *deferred* payment plan for past-due water and sewer obligations created a "consumer credit transaction").

Here, Plaintiffs purchased a gym membership with a monthly fee. Each member authorized his or her bank to make monthly payments on the billing date set forth in the

5

membership agreement. (Am. Compl. ¶¶ 34, 51). The membership agreement, as pled in the Complaint, states: "UNPAID BALANCES; Members will not be permitted to use any club until all fees are current." (Am. Compl. Ex. A ¶ 13; Ex. B ¶ 12). Thus, until Plaintiffs pay for each month of membership, they may not use Defendant's services. Taking the facts as alleged in the Complaint as true for the purposes of this Motion to Dismiss, Plaintiffs have failed to plead that the agreement gives Plaintiffs any good or service for which they may defer payment under 15 U.S.C. § 1602. *See Riethman*, 287 F.3d at 277. Instead, payment is required in advance, or contemporaneously with, each month of service. (*See* Compl. ¶ 50 ("(1) Months Advance Payment")).

      Although the membership agreement requires a minimum commitment of twelve months, at no point does any Plaintiff receive the benefit of its bargain while deferring a debt. Nor has Plaintiff asserted it received any service for which payment was deferred, nor have they cited any legal authority to support that Defendant provided a "consumer credit transaction." As alleged, the dues paid each month applied only towards the use of the health club for that month. A transaction without the right to defer payment is outside TILA's definition of "credit." *Riethman*, 287 F.3d at 277; *see Shaumyan v. Sidetex Co.*, 900 F.2d 16, 18 (2d Cir. 1990) (applying nearly identical definition of "credit" under Equal Credit Opportunity Act and finding that $14,800 home improvement contract with progress payments obligated plaintiffs to make "incremental payments as the work progressed," not to "defer payment"); *Ysasi v. Nucentrix Broadband Networks, Inc.*, 205 F. Supp. 2d 683, 688 (S.D. Tex. 2002) ("Plaintiffs make monthly payments 'in advance' on their leased receiving equipment, no credit is being extended from Nucentrix to Plaintiffs.").

### b. The Remaining State Law Allegations

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wis. Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Del. County, Pa.*, 983 F.2d 1277, 1284–85 (3d Cir. 1993). In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons*, 983 F.2d at 1284 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *Gibbs*, 383 U.S. at 726; *Growth Horizons*, 983 F.2d at 1284-85.

In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at the motion to dismiss stage, and declines to exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c)(3).

### IV.     CONCLUSION & ORDER

For the foregoing reasons, Plaintiffs' Amended Complaint is dismissed.

**IT IS** on this 9th day of February, 2015

**ORDERED** that Plaintiffs' request for leave to file a sur-reply with respect to New Jersey state law causes of action is **DENIED**; and it is further

**ORDERED** that Equinox's motion to dismiss (Dkt. No. 16) is **GRANTED** with respect to Plaintiff's TILA cause of action; and it is further

**ORDERED** that Plaintiff's TILA claim is **DISMISSED**; and it is further

**ORDERED** that the Court declines supplemental jurisdiction on the remaining state law claims; and it is further

**ORDERED** that the Clerk of the Court mark this case **CLOSED**.

          **IT IS SO ORDERED.**

          **/s/ Faith S. Hochberg_____**
          **Hon. Faith S. Hochberg, U.S.D.J.**